DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

_____
                                                    )
**UNITED STATES OF AMERICA,**         )
                                                    )
      **v.**                                         )    Criminal Action No. 2005-068
                                                    )
**VICTOR ERNESTO LOPEZ,**             )
                                                    )
      **Defendant.**                         )
_____ )

**Attorneys:**
**Paul Murphy, Esq.**
St. Croix, U.S.V.I.
    *For the United States*

**Pamela L. Colon, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Finch, Senior District Judge,**

THIS MATTER is before the Court on Defendant's filing in which he requests that the Court seal the entirety of this case. (Dkt. No. 129). The Court thus construes Defendant's filing as a Motion to Seal. Defendant seeks to seal the entire case "in the interests of justice and in consideration for [his] substantial assistance for the United States" in testifying in another criminal matter. *Id*. at 1. For the reasons that follow, the Court will deny Defendant's Motion.

The federal courts maintain a "strong presumption of openness [which] does not permit the routine closing of judicial records to the public." *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal citations omitted). This presumption is particularly axiomatic in the criminal context. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980). A litigant or defendant seeking seal has a "heavy burden" and must demonstrate that "disclosure will work a clearly defined and serious injury" upon them. *Publicker Indus., Inc. v. Cohen*, 733

F.2d 1059, 1071 (3d Cir.1984). This presumption is overcome only by a showing that sealing is "essential to preserve higher values," and that the sealing can be is "narrowly tailored to serve that interest." *Globe Newspaper Co. v. Superior Court for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). A party seeking seal of an "*entire* record faces an even heavier burden." *Miller*, 16 F.3d at 551. The Court may order seal when a movant shows that an identifiable countervailing value outweighs the critical value of openness. *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509 (1984).

The Court finds that Defendant herein does not make a showing sufficient to meet the heavy burden required to obtain seal of this case. Defendant's Motion makes no showing that closure is "essential to preserve higher values." *Globe Newspaper*, 457 U.S. at 606. His assertion that the Court should order sealing "in consideration for [his] substantial assistance" misinterprets the Court's inquiry in determine whether to grant a motion to seal. Sealing is not obtained as a quid pro quo or in exchange for a litigant's assistance—however substantial—in an ancillary criminal matter. Further, even assuming that interests of justice may be at stake, Defendant's request is not "narrowly tailored to serve [any] interest." *Globe Newspaper*, 457 U.S. at 606. Accordingly, he has not shown that a "clearly defined and serious injury" will result if the case remains open. *Publicker*, 733 F.2d at 1071. Because the presumption in favor of openness has not been overcome, the Court will deny the Motion.

**UPON CONSIDERATION** of Defendant's "Motion to Seal Case," it is hereby

**ORDERED** that the Motion is **DENIED**.

**SO ORDERED**.

Date: June 10, 2014  _____/s/_____
RAYMOND L. FINCH
Senior District Judge